HENRY WRIGHT *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Confession. Writing. Parol evidence. General objec-
tion.*

> The introduction by the state of parol evidence of a written con-
> fession of crime will not constitute reversible error if no ob-
> jection be made, nor will an objection made in terms so general
> as to obscure rather than present the point avail in such case.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Wright, appellant, was indicted, tried and convicted of
wrecking a railroad train, Code 1892, sec. 1266, and appealed
to the supreme court.

On the trial it was shown that defendant had made a confes-
sion, which had been taken down by a stenographer, and written
out and signed by defendant. This writing, which was shown
to have been in court, in the possession of the district attorney,
was not introduced in evidence, but oral evidence was intro-
duced to prove the same confession.

The course of procedure in respect to the matter in the court
below is stated in the opinion.

*D. Marshall* and *B. S. Mount,* for appellant.

The confessions were written down and in possession of the
court, and hence no oral evidence of the same could be intro-
duced.

In *Peter's Case,* 4 Smed. & M., 31, the court says that it was error to allow a justice of the peace to testify from recollection of confession taken down in writing, when there was no evidence of the loss of the writing, and no other satisfactory legal reason for not producing it.

In the present case, not only was there no evidence that the confession of whose contents Smith and Landau testify was not lost, but it was shown to be in the possession of the state at the very time of the trial. Roscoe on Criminal Evidence lays down the same principle. · He says: "If the confession is taken down in writing and signed by the prisoner, . . . . then it is put in as an ordinary document and read by the officer of the court. According to general principles, if the confession was contained in a document, which was in existence and admissible in evidence parol evidence could not be given of it. 1 Roscoe Criminal Evidence (8th ed.), 90; 2 Taylor's Evidence, ch. 10; *Wright* v. *State,* 50 Miss., 332.

*J. N. Flowers,* assistant attorney general, for appellee.

No objection was made in the court below to the oral testimony of the confession on the ground that the same had been written down, and the state was not called upon to produce the writing. It is true one witness, Landau, was asked if the confession had not been written out and signed by the accused, and if it was not then in their possession, and the witness answered that it had been written and was in their possession, but it does not appear that the defense insisted that it be produced. Hence these objections will hardly be considered here.

CALHOON, J., delivered the opinion of the court.

On consideration of the admissibility of evidence of a confession, in the absence of the jury, the state produced five witnesses. Early in the testimony of the first of these, it appeared that the confession was taken down by a stenographer. These

stenographic notes, extended, were shown to be in court.    All
the evidence showed that the confession was in writing, signed
by the defendant, but no objection was made to the oral testi-
mony.    The defendant then introduced two witnesses and
rested.    So the whole testimony covers more than ten pages of
this typewritten record.    There had been up to this time no
hint of any objection.    Then, however, we find in the record
these words, "The defense here moved that all of the testimony
taken by the state be excluded," with no suggestion of the
ground on which the motion was based, and which was over-
ruled.    To reverse for this would be to encourage an intolerable
practice.    The whole examination was then gone over with the
jury in the box, with full cross-examination, as it was before the
court in the first instance, without any objection, when, at the
end of prolix examinations of witnesses about the confession,
we find another general motion to exclude, with no reason
given.    Courts have some rights and the public has some rights
in the disposition of public business.    This court will take
notice of rulings on objections to questions in the examination
of witnesses, currently made, when no reason for the objection
is given, if the reason be obvious.    But it will not do so in an
instance like this, where the objection, however obvious, comes,
at the end of tedious examinations, in a motion to exclude.
Moreover, here it must be assumed that no hurt could possibly
have been done the defendant.    The writing was there in court,
subject to the demand of either side, and it was not produced to
show any variance from the oral evidence.    Astute counsel
would have done this if they saw any help in it.

*Affirmed.*