Rose v. State.

(Division A. June 11, 1934.)

[155 So. 341. No. 31333.]

**E. D. Dinkins**, of Senatobia, for appellant.

552

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

Appellant was indicted and tried for the murder of her husband, and was convicted of manslaughter and sentenced to the state penitentiary for ten years. She admitted the killing, but testified that she shot the deceased at the conclusion of an extended wrangle or fuss, in which the deceased repeatedly threatened her life and at a time when she believed her life was in danger at his hands.

For the state the testimony was to the effect that the appellant shot her husband when he was unarmed and running from her, while she was following close behind him. The appellant testified that when she shot her husband, he was pointing a shotgun at her in a threatening manner.

The first contention of appellant is that the evidence was insufficient to sustain the verdict of conviction. The evidence as to the circumstances of the killing was sharply conflicting. The evidence for the state, if believed, was amply sufficient to sustain the verdict; and it was the province of the jury to pass upon the conflicting evidence and the credibility of the witnesses.

The appellant next complains of the fact that during the closing argument of the district attorney, the court permitted an instruction for the state to be amended by inserting in two places therein the words "not in necessary self-defense." The practice of giving instructions after the argument has begun has been repeatedly condemned by this court; but it is not necessarily reversible error so to do. In the case at bar no new

instruction was given, but a mere omission in an instruction already read to the jury was supplied. Without the amendment the instruction was subject to criticism, and the addition of the words made it a correct statement of law and placed an added burden on the state. The special bill of exceptions, by which the action of the court in permitting the amendment was made of record, shows that, when the amendment was made, the court required the district attorney to read the corrected instruction to the jury, and offered counsel for the appellant an opportunity to reply thereto and to make any comments thereon that they might desire without limit of time. Under these circumstances, no reversible error was committed in permitting the amendment.

The appellant next complains of the request made by the district attorney in his closing argument, that the jury take the clothing worn by the deceased at the time he was shot and examine it with a view of determining his position when the fatal shot was fired. No objection was made to this request at the time it was made; but there was an objection to this clothing being taken to the jury room. In the case of Triplett v. State, 159 Miss. 365, 132 So. 449, it was held that, in a murder trial, the clothing worn by the deceased at the time of the killing is admissible in evidence if it is in substantially the same condition as when it was taken from the body, and that it is not error to permit the jury to take garments introduced in evidence into their consultation room for use and examination during their deliberation. In the case at bar the clothing was admitted in evidence without objection on the part of appellant, and no error was committed in permitting the jury to have these garments in their consultation room.

Finally, the appellant contends certain rebuttal testimony was improperly admitted for the reason that it tended to contradict a witness for the appellant about immaterial and irrelevant matters. The rebuttal evidence complained of was given by three witnesses. No objection

whatever was made to the testimony of two of them. As to one question propounded to the third witness, Catherine Lentz, an objection was interposed, but it was immediately withdrawn. At the conclusion of the testimony of this witness, there was a motion to exclude it. The court ruled that since the objection had been withdrawn when the testimony was offered, the motion to exclude would be overruled. Aside from the fact that the testimony complained of would not alone constitute reversible error, there was no error in overruling the general motion to exclude the same, since it was admitted without objection. Wright v. State, 82 Miss. 421, 34 So. 4.

We find no reversible error in the record, and the judgment of the court below will therefore be affirmed.

Affirmed.